UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA T. BRAUNSKILL,<br><br>                        Plaintiff,<br><br>v.<br><br>OFFICER D. FANT, et al.,<br><br>                        Defendants. | Civil Action No. 17-11447 (RK) (JBD)<br><br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** is before the Court by way of *pro se* Plaintiff Dana Braunskill's ("Plaintiff") Motion for Summary Judgment. (ECF No. 145.) Defendants Mendoza, Montaldo, Gardner, Crawford, and Perez-Novoa (collectively, "Defendants") oppose this Motion. (ECF No. 148.) This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**.

I.      BACKGROUND

As Plaintiff is *pro se*, the Court "'liberally construes'" Plaintiff's pleadings. *Jones v. Grill*, No. 21-2091, 2024 WL 3423707, at *1 n.3 (3d Cir. July 16, 2024) (internal citations omitted). As is relevant to the present Motion, Plaintiff alleges that he was assaulted on May 23, 2016 by Defendants while incarcerated at New Jersey State Prison. (ECF No. 145.) Plaintiff filed his original Complaint on or about November 8, 2017. (ECF No. 1.) Plaintiff's Amended Complaint was later entered on May 31, 2018 claiming violations of the Eighth and Fourteenth Amendments

1

pursuant to 42 U.S.C. § 1983; Plaintiff also pled related state law claims. (ECF No. 26 at 1.) All dispositive motions in this case were due by February 6, 2023. (*See* ECF No. 122.)

Defendants moved for summary judgment on February 21, 2023. (ECF No. 124.) The Court granted summary judgment to Defendants as to the state law claims for assault and battery and denied summary judgment as to the § 1983 claims relating to exhaustion and punitive damages; the Court gave Defendants thirty days to advise the Court as to whether they would submit additional evidence surrounding remedy exhaustion or waive the exhaustion defense. (ECF No. 134 at 17.) Defendants advised the Court on October 25, 2023 they did not intend to submit additional evidence as to remedy exhaustion. (ECF No. 144.) Plaintiff now moves for summary judgment.

## II.   STANDARD

A motion for summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson*, 477 U.S. at 248).

Summary judgment "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). Thus, a "judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III. DISCUSSION[1]

The analysis of an excessive force claim pursuant to § 1983 begins with an identification of the specific constitutional right allegedly infringed by the challenged application of force. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Here, Plaintiff argues excessive force claims under the Eighth Amendment and Fourteenth Amendments.[2] When examining a 42 U.S.C. § 1983 excessive force claim under the Eighth Amendment standard, "the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Giles v. Kearney*, 571 F.3d 318, 328 (3d Cir. 2009). To determine whether a correctional officer used excessive force in violation of the Eighth Amendment, courts look to several factors including:

> (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used'; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response."

*Brooks*, 204 F.3d at 106 (quoting *Whitley*, 475 U.S. at 321).

While there is no dispute that there was some level of physical interaction between Plaintiff and Defendants, there are many genuine disputes of material fact here. These include questions as to why the use of force was applied; what amount of force was used; what injury was inflicted;

---

[1] Plaintiff did not have leave to file this Motion. (*See* ECF No. 122). In addition, in the Court's prior Opinion on Defendant's Motion for Summary Judgment dated September 1, 2023, the Court unambiguously stated that "[i]n their future submissions, all parties must comply with the . . . relevant deadlines set by the Court." (ECF No. 134 at 9.) The Court, nonetheless, will address Plaintiff's Motion.

[2] Viewing the pleadings in light of Plaintiff's *pro se* status, the Court believes that Plaintiff is arguing a general substantive due process violation under the Fourteenth Amendment. (*See* ECF No. 145 ¶ 2.) Accordingly, the Court applies the "more specific provision rule" and analyzes the claims under the Eighth Amendment standard. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

what danger Plaintiff posed to staff and inmates; and what were Defendants' efforts to temper a forceful response.

For his part, Plaintiff essentially argues that he was assaulted without cause while he was restrained. Plaintiff contends that, as he stood to the door at his cell, he was told that he was not complying with orders to put on his handcuffs. (ECF No. 124-5 at Ex. A ("Braunskill Dep.") at 28:19–25.) Plaintiff states that he was eventually handcuffed in front of his body and escorted from his cell at which point the handcuffs were removed and he was handcuffed by one hand. (*Id.* at 29:14–18.) According to Plaintiff, Defendant Crawford gave the following directive: "if [Plaintiff] does anything you don't like, take him down." (*Id.* at 29:17–18.) Plaintiff states that he was then pepper sprayed, and as a result, he inadvertently elbowed one of Defendants as Plaintiff attempted to cover his eyes. (*Id.* at 29:19–25.) At this point, Plaintiff claims that Defendant Mendoza "tried to swing" at Plaintiff, and Plaintiff tried to protect himself. (*Id.* at 29:25–30:05.) Plaintiff claims he "tried to cover [himself] up" where the Defendants were "swinging" and "kicking" him as he hit the ground while he was handcuffed. (*Id.* at 30:05–09.) According to Plaintiff, he was partially restrained during the course of these events. (*Id.* at 29:19–25.)

Defendants' account of events, on the other hand, is that Plaintiff exposed himself to Defendant Perez-Novoa and threatened to rape her. (ECF No. 148-1 at Ex. A ("Ex. A to Chaudry's Cert.") at 2.) After this, Plaintiff allegedly failed to comply with directives to put on handcuffs. (*Id.* at 2). According to Defendants, Plaintiff—after being handcuffed with his hands in front of his body—was escorted from his cell to a holding area. (*Id.*) According to Defendants, Plaintiff's handcuffs were removed in an effort to resecure the handcuffs behind Plaintiff's back. (*Id.*) According to Defendants, Plaintiff began "swinging (throwing punches)" and struck Defendant

4

Mendoza in the face while also "assault[ing] [Defendant] Montalto." (sic) (*Id.*) Defendants Mendoza and Montaldo reported using physical force to subdue Plaintiff who was resisting and fighting with other members of staff. (*Id.*) Eventually, according to Defendants, Plaintiff was subdued when his hands were secured in handcuffs behind his back; according to Defendants, this is when the use of force ceased. (*Id.*)

Here, there are a multitude of genuine factual disputes—ranging from why the use of force began, when the use of force ended, and whether Plaintiff was restrained. Particularly where these factual disputes relate to the events culminating in the use of force, the Court is unable to ascertain if the force was "'applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Brooks*, 204 F.3d at 106 (internal citations omitted). Summary judgment is therefore inappropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is **DENIED**. (ECF No. 145.)  An appropriate Order will accompany this Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 12, 2024

6